<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEVIN ARTIS,<br><br>  Plaintiff,<br><br>v.<br><br>FIRST PREMIER BANK,<br><br>  Defendant. | Civil Action No. 26-05868 (SDW) (AME)<br><br>**WHEREAS OPINION & ORDER**<br><br>June 23, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Kevin Artis's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) and an application to proceed *in forma pauperis*, (D.E. 3 ("IFP application")); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees." 28 U.S.C. §§ 1915(a)(1). Whether to grant an IFP application falls within a district court's discretion. *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010); and

**WHEREAS** in this district, courts routinely deny IFP applications if paying the filing fees would not deprive a litigant of the "necessities of life." *See Jalil v. Att'y G.*, No. 24-1055, 2024 WL 1177167, at *1 (D.N.J. Mar. 19, 2024) (citing *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (denying IFP application for litigant with minimal monthly income and spouse, who provided "necessities of life")); *Bornstein v. McMaster-Carr Supply Co.*, No. 23-02849, 2023

1

WL 4373221, at *1 (D.N.J. July 6, 2023) (stating that plaintiff had sufficient funds to pay the filing fee without being deprived of the "necessities of life"); *see also Chrustowski v. Archer & Greiner*, No. 23-21194, 2024 WL 1299637, at *1 (D.N.J. Mar. 26, 2024) ("A court does not abuse its discretion in denying an IFP application when the applicant's financial affidavit shows that her monthly income is significantly higher that her monthly expenses."); and

**WHEREAS** Plaintiff's IFP application indicates Plaintiff has received a monthly income of twelve thousand dollars during the past twelve months and represents $9,840 in monthly expenses, including housing costs, food, and transportation.  As such, Plaintiff has demonstrated that he has sufficient funds to pay the filing fee without being deprived of the "necessities of life." Accordingly, Plaintiff's application is denied; therefore

**IT IS**, on this 23rd day of June 2026,

**ORDERED** that Plaintiff's IFP application is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate this matter; and its further

**ORDERED** that Plaintiff many have this matter reopened, if, within thirty days from the date of this Order, Plaintiff notifies the Court in writing and submits the filing fee.

**SO ORDERED.**

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Parties
           André M. Espinosa, U.S.M.J.